IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> 131 M Street, N.E., <br> Washington, DC 20507, <br><br> Plaintiff, <br><br> v. <br><br> WESTMINSTER INGLESIDE KING FARM PRESBYTERIAN RETIREMENT COMMUNITIES, INC., <br> 2275 Research Blvd, Suite 450, <br> Rockville, MD 20850, <br><br> Defendant. | Civil Action No. _____ <br><br> COMPLAINT <br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to Charging Party Kenya Jeanlouis ("Jeanlouis"). As alleged with greater particularity below, the Commission alleges that Defendant Westminster Ingleside King Farm Presbyterian Retirement Communities, Inc. ("Defendant"), unlawfully failed to promote Jeanlouis because of her race (Black) and subsequently discharged her because of her race and/or in retaliation for complaining of race-based discrimination in violation of Title VII.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and

(3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the U.S. District Court for the District of Maryland.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission ("the Commission") is the federal agency charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action under Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant is a Virginia corporation with its corporate headquarters located in Rockville, Maryland, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty (30) days prior to the institution of this lawsuit, Jeanlouis filed a charge of discrimination with the EEOC alleging violations of Title VII by Defendant.

7. On June 26, 2024, the Commission issued to Defendant an Amended Letter of Determination finding reasonable cause to believe that Defendant had violated Title VII and inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. After issuing its Amended Letter of Determination, the EEOC engaged in communications with Defendant to provide it the opportunity to remedy the unlawful employment practices described in the Amended Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On July 2, 2024, the Commission issued a Notice of Failure of Conciliation to Defendant.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Defendant operates three Continuing Care Retirement Communities ("CCRCs") – Ingleside Rock Creek in Washington, DC, Ingleside King Farm in Rockville, Maryland, and Westminster at Lake Ridge in Lake Ridge, Virginia.

13. Jeanlouis is Black.

14. Jeanlouis is a registered nurse.

15. Prior to joining Defendant, Jeanlouis had worked in nursing for close to 25 years.

16. Prior to joining Defendant, Jeanlouis had served as Director of Nursing at other CCRCs.

17. Defendant hired Jeanlouis on or around August 3, 2020, as its Director of Clinical Operations.

18. As Director of Clinical Operations, Jeanlouis oversaw the healthcare functions of Defendant's three CCRCs.

19.     Jeanlouis's duties as Director of Clinical Operations included, but were not limited to, setting clinical standards, driving performance improvement, and maintaining regulatory compliance.

20.     During Jeanlouis's employment, she reported directly to Christine Podles, Defendant's Chief Operating Officer, whose office is located at Defendant's corporate headquarters in Rockville, Maryland.

21.     Jeanlouis did a significant amount of work for Defendant and her work performance was excellent.

22.     Approximately nine months after Jeanlouis began her employment with Defendant, on March 19, 2021, Jeanlouis became eligible for an annual At Risk Compensation award.

23.     The memorandum regarding the At Risk Compensation award noted that Jeanlouis had "done a fantastic job raising the bar and expectations related to clinical competencies, quality of care and leadership."

24.     From March 14, 2021, through April 14, 2021, Jeanlouis took on the role of Acting Director of Nursing at Westminster at Lake Ridge. This was in addition to her position as Director of Clinical Operations.

25.     In her annual performance review dated August 20, 2021, Jeanlouis received an overall performance rating of "Exceeds Expectations," the highest rating available. The review stated that Jeanlouis "is dedicated, intelligent and hard working[,]" "has worked tirelessly over this last year to evaluate and create clinical standards at Ingleside[,]" "spent many hours training the [Directors of Nursing] and clinical staff[,]" and "stepped up as an acting [Director of Nursing]."

26.     In her annual performance review dated November 4, 2022, Jeanlouis again received the highest overall performance rating of "Exceeds Expectations." The review stated that

Jeanlouis "has a vision and perseverance to lead all the Ingleside communities to 5 Star status while providing excellent care and services."

27.     On several occasions throughout her employment, Jeanlouis and Podles discussed the possibility of Jeanlouis being given an officer title, such as Vice President of Clinical Operations or Executive Director, which would have elevated Jeanlouis's status within the organization.

28.     With a Vice President or Executive Director title, Jeanlouis would have received a higher salary.

29.     Podles made clear that Jeanlouis would need a bachelor's degree in order to become a Vice President or Executive Director and have a higher salary.

30.     Podles imposed this requirement upon Jeanlouis, even though Jennifer Sargent, who is white and served as Defendant's Vice President of Human Resources, lacked a bachelor's degree but still enjoyed the prestigious vice president title and was paid more than Jeanlouis.

31.     Kathleen Ammirati, who is white, joined Defendant in September 2019 as its Director of Clinical Operations for Ingleside at Home.

32.     Ingleside at Home provides home health services to Defendant's independent living residents.

33.     Ammirati reported directly to Podles.

34.     In May 2023, Podles changed Ammirati's title to that of Executive Director.

35.     There was no open position for Executive Director announced by Defendant.

36.     No one replaced Ammirati as Director of Clinical Operations for Ingleside at Home.

37.     Ammirati's duties did not change with her promotion to Executive Director.

38. Rather, Defendant enhanced Ammirati's existing position by simply retitling it as Executive Director.

39. Jeanlouis earned her bachelor's degree in May 2023.

40. In a meeting in May 2023, Jeanlouis informed Podles that she had received her bachelor's degree and requested that she, Podles, and Traci Alley, Defendant's Chief Human Resources Officer, meet regarding her promotion to Vice President of Clinical Operations.

41. Podles ignored Jeanlouis's request to meet about her promotion.

42. Despite having earned her bachelor's degree, Defendant did not promote Jeanlouis to Vice President or Executive Director, as it had done for Ammirati.

43. Beginning in May 2023, Jeanlouis assumed the role of interim Director of Nursing for Ingleside at Rock Creek. This was in addition to her role as Director of Clinical Operations for Defendant's three CCRCs.

44. On June 29, 2023, Podles signed performance reviews for both the first and second quarters of 2023 for Jeanlouis, rating Jeanlouis as having "Met Expectations." These ratings were lower than the annual rating that Jeanlouis had received in 2021 and 2022.

45. On August 2, 2023, Podles and Chief Human Resources Officer Traci Alley met with Jeanlouis and issued her a written warning, dated July 21, 2023, claiming that an investigation had found that Jeanlouis had "displayed unprofessionalism and disrespectful behavior" towards a wellness nurse on July 14, 2023.

46. Jeanlouis had not been interviewed as part of any investigation.

47. Jeanlouis was unaware of any investigation prior to the August 2 meeting.

48. The contents of the July 21, 2023 written warning were false.

49. The July 21, 2023 written warning referenced an earlier Memorandum of Record from January 26, 2022, regarding Jeanlouis's professionalism in the workplace, the contents of which also were false.

50. On August 2, 2023, in a letter to Podles and Alley, Jeanlouis disputed the allegations in the July 21, 2023 written warning, maintained that her interactions were professional, and stated that she "felt targeted based on disparate impact which has created a stressful and hostile work environment for me."

51. On September 5, 2023, Jeanlouis notified Alley, Defendant's Chief Human Resources Officer, that "I would like to file a charge of racial discrimination as I believe to be racially targeted and discriminated against by my supervisor. There have been continued instances where I am targeted and discriminated against due to my protected class. This has created a hostile and stressful work environment here at Ingleside when I only strive to change the lives of the residents and staff."

52. In a follow-up email to Alley on September 13, 2023, Jeanlouis reiterated that she had made Alley aware on August 2nd that she was being targeted based on her race, and that since that time, the mistreatment had intensified.

53. On or around September 25, 2023, Defendant decided to terminate Jeanlouis.

54. Defendant terminated Jeanlouis on November 10, 2023.

55. Defendant hired LeeAnn Stevens, who is not black, to replace Jeanlouis as Director of Clinical Operations.

## CAUSES OF ACTION

### COUNT I: Failure to Promote Because of Race

56. The Commission repeats and incorporates by reference the factual allegations set forth in Paragraphs 12 through 55.

57. Defendant subjected Jeanlouis to an unlawful employment practice in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by failing to promote her because of her race.

58. The effect of the practice complained of in Paragraph 57, above, has been to deprive Jeanlouis of equal employment opportunities because of her race.

59. The unlawful employment practice described above was intentional.

60. The unlawful employment practice described above was done with malice or with reckless indifference to the federally protected rights of Jeanlouis.

61. The unlawful employment practice contained in Count I caused Jeanlouis emotional and mental anguish, pain and suffering, stress, humiliation, and frustration.

## COUNT II: Discharge Because of Race

62. The Commission repeats and incorporates by reference the factual allegations set forth in Paragraphs 12 through 55.

63. Defendant subjected Jeanlouis to an unlawful employment practice in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by discharging her because of race.

64. The effect of the practice complained of in Paragraph 63, above, has been to deprive Jeanlouis of equal employment opportunities because of her race.

65. The unlawful employment practice described above was intentional.

66. The unlawful employment practice described above was done with malice or with reckless indifference to the federally protected rights of Jeanlouis.

67. The unlawful employment practice contained in Count II caused Jeanlouis emotional and mental anguish, pain and suffering, stress, humiliation, and frustration.

**COUNT III: Retaliation – Discharge**

68. The Commission incorporates by reference the factual allegations set forth in Paragraphs 12 through 55.

69. Defendant subjected Jeanlouis to unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging Jeanlouis in retaliation for engaging in the protected activity of complaining about race-based discrimination and mistreatment.

70. The effect of the unlawful employment practices described in Paragraph 69, above, has been to deprive Jeanlouis of equal employment opportunities and otherwise adversely affect her status as an employee because of her conduct protected under Section 704(a) of Title VII, 42 U.S.C. § 2000e-3a.

71. The unlawful employment practice described above was intentional.

72. The unlawful employment practice described above was done with malice or reckless indifference to the federally protected rights of Jeanlouis.

73. The unlawful employment practice contained in Count III caused Jeanlouis emotional and mental anguish, pain and suffering, stress, humiliation, and frustration.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, employees, and all persons in active concert or participation with it, from engaging in employment practices that discriminate on the basis of race and from retaliating against any individual who engages in protected activity under Title VII;

B. Order Defendant to institute and carry out such training, policies, practices, and programs that provide equal employment opportunities and ensure Defendant's operations are free from race-based discrimination and retaliation, including but not limited to: the institution of effective discrimination and retaliation policies and mandatory training on race discrimination and retaliation for all managers and employees;

C. Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee on the basis of race and will not condone race-based discrimination and/or retaliation and that it will comply with all aspects of Title VII;

D. Order Defendant to make whole Jeanlouis by providing appropriate back pay with prejudgment interest in amounts to be determined at trial;

E. Order Defendant to make whole Jeanlouis by ordering reinstatement to an Executive level position or awarding front pay in lieu thereof;

F. Order Defendant to make whole Jeanlouis by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial;

G. Order Defendant to make whole Jeanlouis by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, mental anguish, embarrassment, frustration, degradation, and humiliation, in amounts to be determined at trial;

H. Order Defendant to pay Jeanlouis punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

I. Grant such further relief as the Court deems necessary and proper in the public interest; and

J. Award this Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

/s/ Maria Luisa Morocco
MARIA LUISA MOROCCO
Assistant Regional Attorney

/s/ Christine T. Johnson
CHRISTINE T. JOHNSON
Trial Attorney
D.C. Bar No. 1739030
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington Field Office
131 M Street, N.E., Suite 4NW02F
Washington, D.C. 20507
Phone: (202) 921-3022
Fax: (202) 827-2349
christine.t.johnson@eeoc.gov

Dated: September 30, 2024.